UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SHANNON AUSTIN,

      Plaintiff,

                                  Case No. 24-cv-10444

v.                             HON. MARK A. GOLDSMITH

MDOC MACOMB CORRECTIONAL
FACILITY PROVIDER et al.,

      Defendants.

_____/

## OPINION & ORDER
## (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (Dkt. 9) AND
## (2) SUMMARILY DISMISSING THE AMENDED COMPLAINT

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff James Shannon Austin is currently incarcerated at the Gus Harrison Correctional Facility. Austin's original complaint listed four defendants: (1) "MDOC Provider and Staff, MRF Macomb Corr. Fac. Health Care," (2) "MDOC Provider and Staff, Parnall Corr. Fac.," (3) "MDOC Provider and Staff, RGC Health Care," and (4) "MDOC Provider and Staff, STF Health Care." Compl. at PageID.2–3 (Dkt. 1).

After initial screening, the Court ordered Austin to file an amended complaint that stated a claim against named individuals or face dismissal of the case. 4/29/24 Order (Dkt. 8.). Austin later filed a motion to amend his complaint. Mot. (Dkt. 9). The motion identifies individuals who work at the four correctional facilities referred to in the complaint, but it does not make any additional factual allegations with respect to the newly identified defendants. Id. PageID.42–43. Even considering the allegations in Austin's motion for leave to amend in conjunction with his original complaint, his claim is subject to dismissal.

1

# I.   BACKGROUND

The case concerns alleged inadequate medical treatment for Austin's ankle and toe condition while he has been an inmate with the MDOC.

Austin claims that when he first arrived at the MDOC's Reception and Guidance Center, he informed staff that he had a "click" in his right ankle, and that he had an ulcer on his left big toe caused by the "state shoes" he was provided. Compl. at PageID.7, 17.  NP Laurie Fry issued Austin "Procare Shoes," but he claims that the new shoes made things worse. He says that the "whole staff" thereafter gave him the "runaround." Id. PageID.7, 17–18; Dkt. 9, PageID.42.

Austin submits that he was transferred to the Parnall Correctional Facility (SMT) in Jackson, Michigan. See Compl. at PageID.7.  He claims he wrote kites asking for new shoes and to be seen by a podiatrist.  Id. at PageID.9.  Apparently, the request was granted, because Austin says that on August 3, 2023, he was seen at Henry Ford Allegiance Hospital in Jackson, where he claims that an unidentified podiatrist cut off too much skin from his toe.  Id. at PageID.7.  When he returned to prison, his toe became infected.  He claims staff at the prison made him wear sandals and would not send him to the hospital.  Id. at PageID.7, 17.   Austin's complaint does specify actions taken by specific staff members.  Although Austin's motion to amend identifies Shay Risner, Tracy Falukner, Nancy Roland, and Corey Huff, as nurses who worked at SMF from July to August, 2023, Mot. at PageID.42, the motion does not contain any other specific factual allegations as to any of these individuals.

Austin was thereafter transferred to the Central Michigan Correctional Facility (STF), in St. Louis, Michigan. Id. at PageID.7.  There, he claims he received "nothing but wound care and broken promises," regarding his foot problems.  Id.  He claims that nurses would not "follow the

same wound care and failed to send me to wound care." Id.  Austin claims he was forced to wait outside at times in the cold wearing sandals.  Id. at PageID.7, 17.  The motion to amend identifies Nurse Sylvester and Dr. Peter Sices as individuals who worked at STF from August to September 2023, but it contains no other information about them.  Mot. at PageID.43.

Finally, Austin was transferred to the Macomb Correctional Facility (MRF), where he says he received "nothing but long-term promises." Compl. at PageID.7.  He claims he suffers from post-traumatic stress disorder and ulcers, and that for five months he did not receive proper wound care.  Id.  He says the healthcare unit at MRF is understaffed, and that they prescribed him strong antibiotics.  Austin also claims that he had to wear "shower shoes" in the rain and cold.  Id. at PageID.7, 17.  Austin's motion to amend identifies Dr. Tien as the medical provider at MRF referred to in the complaint. Mot. at PageID.42.  Austin asserts that Dr. Tien informed him that his ankle condition now requires fusion or reconstruction and that his right big toe requires amputation. Compl. PageID.7–8.

The motion also identifies Nurses Doe 1–3 as working at MRF from May to June, 2023. Mot. at 42–43.  It identifies corrections officers Ling, Hall, Sallay, Jackson, Kamara, Kanteth, Yeung, Umeh, Bartholomew, and Warriner as working at MRF from April to May 2023, and then from September to January 2024.  Id. at PageID.43.  Finally, the motion identifies Inspector Doe, Warden J. Tanner, ARUS John Lundy, and ADW McKinney as working at MRF.  Id.  Austin does not state in particular what each of these individuals did or did not do with respect to his medical condition.  See id.

The final page of the complaint lists the elements for an Eighth Amendment deliberate-indifference claim, but it does not contain any factual allegations.  Id. at PageID.18.  Austin likewise cryptically asserts at the beginning of the complaint "serious medical need . . . officials[']

actual knowledge of you serious medical need . . . officials failure to respond reasonably by providing you adequate treatment . . . that the officials deliberate indifference caused you an injury or is likely to injure you in the future." Id. PageID.4.

## II. ANALYSIS

The case is once again before the Court for screening under the Prisoner Litigation Reform Act (PLRA). The Court granted Austin leave to proceed without prepayment of the filing fee for this action due to his indigence. 3/7/24 Order (Dkt. 5). Under the PLRA, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (punctuation modified). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." Paige v. Coyner, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted, punctuation modified). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001).

Despite now adding the identities of individuals who worked at the facilities where he resided, Austin fails to state a claim.  His complaint is accordingly subject to summary dismissal.

The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" upon inmates.  Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987) (internal quotations and citations omitted). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." Miller v. Calhoun Cty., 408 F.3d 803, 812 (6th Cir. 2005) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

The Sixth Circuit has explained the standards that a plaintiff must satisfy to state a claim for deliberate indifference to his serious medical needs:

> A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." Mere negligence will not suffice. Consequently, allegations of medical malpractice or negligent diagnosis

5

and treatment generally fail to state an Eighth Amendment claim of cruel and unusual punishment.

Broyles v. Corr. Med. Servs., Inc., 478 F. App'x 971, 975 (6th Cir. 2012) (punctuation modified).

Courts distinguish between "cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." Alspaugh v. McConnell, 643 F.3d 162, 169 (6th Cir. 2011) (punctuation modified). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Austin's complaint, even when read in conjunction with his motion to amend, fails to state a claim. The complaint states facts in support of the objective component of a deliberate-indifference claim—Austin asserts that he has a lingering serious podiatry problem that now requires surgery or amputation. But the complaint is devoid of factual allegations that any of the named defendants acted with deliberate indifference to his condition.

Austin makes individualized factual allegations with respect to only two of the named defendants. First, Austin claims that when he arrived at the Reception and Guidance Center, he informed staff about the condition of his foot and how it was exacerbated by the prison-issued shoes. He states that defendant nurse Fry then issued him "Procare Shoes," though they did not help. Compl. at PageID.7. These allegations, however, do not in any way suggest deliberate indifference on the part of Fry. Fry's actions, at most, exhibit a negligent response to Austin's initial complaint.

The only other individualized allegation is that Dr. Tien at the Macomb facility informed Austin that he now requires surgery or amputation. The complaint and motion to amend are less

than clear, but the Court does not interpret them to be alleging that Dr. Tien is the one who botched the initial surgery at the hospital. Rather, it seems that Austin asserts that Dr. Tien is employed at the Macomb prison. The complaint is devoid of any factual allegations that Dr. Tien acted with deliberate indifference prior to giving his current prognosis.

The remainder of Austin's allegations are too vague to support a claim. He asserts in very general and conclusory terms that staff at his prisons have ignored his condition and have broken their promises.  Compl. at PageID.7.  But Austin does not attach any specific factual allegation of deliberate indifference to any of the individuals he names in the motion to amend his complaint. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. See Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 555. Austin's summary reference to his condition being ignored by the staff at his facilities "does not support a reasonable inference that each Defendant is liable for [a constitutional violation]." Boxill v. O'Grady, 935 F.3d 510, 518 (6th Cir. 2019) (punctuation modified).

Accordingly, Austin fails to state a deliberate indifference claim against any of the named defendants.

### III.  CONCLUSION

For the reasons stated above, the Court (i) grants Austin's motion for leave to amend (Dkt. 9) and (ii) summarily dismisses Austin's complaint.  The case is closed.


Dated:  November 2, 2024                           s/Mark A. Goldsmith
        Detroit, Michigan                          MARK A. GOLDSMITH
                                                   United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2024.

s/Carolyn Ciesla            
Case Manager
